**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Carlos Mauricio RAMOS–BARAHONA,**
**also known as Carlos Ramos–Bar-**
**ahona, Defendant–Appellant.**

No. 05–40770
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 21, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM: *

Carlos Mauricio Ramos–Barahona appeals from a guilty-plea conviction for being unlawfully present in the United States following deportation. Ramos–Barahona argues that the district court erred in assigning a 16–level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) for a prior California conviction for assault with a deadly weapon. Because Ramos–Barahona raised this issue below, this court reviews the issue de novo. *United States v. Calderon–Peña,* 383 F.3d 254, 256 (5th Cir.2004) (en banc).

In *United States v. Sanchez–Ruedas,* 452 F.3d 409, 412–14 (5th Cir.), *cert. denied,* —— U.S. ——, 127 S.Ct. 315, 166 L.Ed.2d 237 (2006), we examined the identical California statute at issue in Ramos–Barahona's case and held that the California statute was sufficiently similar to the generic contemporary definition of aggravated assault to qualify as an enumerated crime of violence offense. The district court did not err in assigning a 16–level

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

increase for Ramos–Barahona's prior conviction for assault with a deadly weapon. *See id.*

Ramos–Barahona challenges 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Ramos–Barahona's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Ramos–Barahona contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.2005); *see also Rangel–Reyes v. United States,* ——— U.S. ———, 126 S.Ct. 2873, 165 L.Ed.2d 910 (2006); *United States v. Pineda–Arrellano,* 492 F.3d 624 (5th Cir.2007). Ramos–Barahona properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.